UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 20-72-DLB

RAYSHUN DEMETRIUS SUBLETT                                               PETITIONER

v.                    **MEMORANDUM OPINION and ORDER**

H. ALLEN BEARD, JR., Warden                                             RESPONDENT

*** *** *** ***

Petitioner Rayshun Demetrius Sublett is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Sublett has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is before the Court to conduct the initial screening of the Petition pursuant to 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Sublett's Petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

In his Petition, Sublett requests placement in a halfway house for twelve months pursuant to 18 U.S.C. § 3624(c), asserting that the factors set forth in 18 U.S.C. § 3621(b) support his placement for the longest period permitted by law. (Doc. # 1 at 1–5). Sublett's request is not on a form petition approved for use by this Court. Indeed, it is a stock petition identical in all respects to other petitions recently received from other inmates confined at the same prison. The only distinguishing characteristic is Sublett's name, set forth twice on the first page; the balance of the document contains only generic references to "the petitioner." *See id*. Sublett offers no indication whether he has exhausted his administrative remedies as required by federal law, and he did not pay the five-dollar filing fee or file a motion to proceed *in forma pauperis*.

The Court will deny the Petition on both formal and substantive grounds. First, Sublett failed to properly initiate an action in this Court by either paying the filing fee or seeking a waiver of that obligation. Second, because the form document filed by Sublett contains no facts or argument specific to him, Sublett has failed to adequately plead facts indicating an entitlement to relief. His Petition therefore fails to satisfy the requirement that a petition contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

Third, 18 U.S.C. § 3624(c) authorizes the Bureau of Prisons ("BOP") to consider placing an inmate in a halfway house for up to twelve months, but it does not require the BOP to do so even if the § 3621(b) factors favor such a placement. *See Heard v. Quintana*, 184 F.Supp. 3d 515, 520–21 (E.D. Ky. 2016) (citing *Demis v. Sniezek*, 558

F.3d 508, 514 (6th Cir. 2009)); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015) (holding that "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b).") (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).

Finally, by statute, the BOP's discretionary determinations regarding inmate placement under § 3621(b) are expressly insulated from judicial review under the Administrative Procedures Act. *See* 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Because Sublett contends only that he is a good candidate for a twelve-month placement in a halfway house, his Petition fails to state a viable claim for relief. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."); *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000) ("Because the Administrative Procedure Act does not apply to § 3621, we may not review whether the BOP erred in [the petitioner's] particular case, but may only review whether the BOP exceeded its statutory authority . . . .").

Accordingly, **IT IS ORDERED** as follows:

(1) **Within twenty-eight (28) days**, Sublett must either (a) pay the five-dollar filing fee or (b) file a motion to proceed *in forma pauperis* and a certified statement of his inmate account;

(2) Sublett's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(3) The Court shall enter a Judgment contemporaneously with this Memorandum Opinion and Order; and

(4) This matter is **STRICKEN** from the docket.

This 24th day of June, 2020.



Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\PSO Orders\Sublett 20-72 Memorandum Denying 2241.docx